UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO POLO F.M.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-05116-TLN-AC<br><br>A# 245-996-653<br><br>**ORDER** |

This matter is before the Court on Petitioner Marco Polo F.M.'s ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). For the reasons set forth below, the Court GRANTS the Petition for Writ of Habeas Corpus.[2] (ECF No. 1.) Petitioner's Motion for TRO (ECF No. 2) is DENIED as moot.

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] On July 10, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release. (ECF No. 7.) This Order explains the Court's reasoning.

## I. Factual Background

Petitioner has resided in the United States for almost two years, since his entry in April 2024. (ECF No. 2 at 4.) On April 24, 2024, Petitioner was arrested in Calexico, California, where he was served an I-862 (Notice to Appear) and released on an Order of Recognizance. (ECF No. 6 at 10.) Petitioner has applied for asylum, and his application is still pending. (ECF No. 2 at 4.)

Petitioner states he has developed strong ties to his community. (*Id.*) Prior to his detention, he was working in a car wash providing for his family. (*Id.*) Petitioner has no criminal convictions. (ECF No. 6 at 10.)

On June 25, 2025, Border Patrol Agents arrested Petitioner outside his home. (ECF No. 6 at 9.) Petitioner was subsequently transferred to the Mesa Verde Detention Center. (ECF No. 1 at 4.) He has remained in immigration detention without an individualized bond hearing since his arrest. (*See generally* ECF No. 1.)

Petitioner has now been detained for over two weeks. (*Id.* at 4.) He challenges his civil detention without a hearing through the instant Petition.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

## III. Analysis

Petitioner claims his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause. (ECF No. 1 at 7–8.) In opposition, Respondents contend Petitioner is subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). (ECF No. 6 at 1.) The Court addresses each claim in turn.

### A. Immigration and Nationality Act

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). The statute affords the Government broad discretion whether to release or detain the individual. *Id.* It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)")) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

This Court has agreed with Petitioner that the text and legislative history of the INA demonstrates that § 1226(a) governs his detention, not § 1225, and he is entitled to the process § 1226(a) requires, including a bond hearing.[3] (ECF No. 1 at 7.) Respondents argue Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2) without a bond hearing. (ECF No. 6 at 1.) This Court and many others have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. *See Morales-Flores v. Lyons*, No.

---

[3] Unless otherwise noted, citations to statute refer to sections of Title 8 of the U.S. Code.

1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position). To reiterate, absent a higher court order holding otherwise, this Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b). Petitioner is instead subject to § 1226(a) and is therefore entitled to the process that statute requires, including a bond hearing at a minimum. Yet, Respondents have not provided any hearing to Petitioner either pre- or post-detention. Respondents further offer no substantive opposition to these arguments. (*See* ECF No. 6.) The Court accordingly finds Respondents violated Petitioner's statutory rights under the INA.

B. Fifth Amendment Violation

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be

strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner was released into the United States and, since that time, he has established ties with his community, provided for his family, and pursued immigration relief, and maintained gainful employment. Moreover, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original). Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

*ii. Procedures Required*

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for over two weeks, separated from his family and community, unable to work, without any opportunity to be heard as to his detention. Accordingly, this factor weighs strongly in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.

Because civil immigration detention is “nonpunitive in purpose and effect,” a “special justification” must outweigh Petitioner’s protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While “[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings,” Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Respondents do not argue Petitioner is a danger to the public or a flight risk. Petitioner has no criminal convictions and has established ties to his community. Therefore, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government’s interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner’s substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner’s detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Petitioner’s Motion for TRO (ECF No. 2) is DENIED as moot.

3. Respondents shall file a notice certifying compliance with the Court’s order that Petitioner be immediately released from custody by **July 16, 2026**. (ECF 7.)

4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days’ notice and a pre-deprivation hearing before a neutral fact-finder where (a)

Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE